# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| MARK DANIEL SWITZER,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT and PENSKE TRUCK RENTAL,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00370-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Mark Daniel Switzer ("Mr. Switzer") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court are Defendant Penske Truck Rental's ("Penske") motion to dismiss under Fed. R. Civ. P. 12(b)(6)[3] and the review under the IFP Statute of Mr. Switzer's claims against Defendant Home Depot ("Home Depot"). Based upon the analysis set forth below, the court recommends granting Penske's motion to dismiss, dismissing with prejudice Mr. Switzer's claims against Penske, and—under the authority of the IFP Statute—dismissing with prejudice Mr. Switzer's claims against Home Depot.

---

[1] ECF No. 8.

[2] ECF No. 4.

[3] ECF No. 29.

## BACKGROUND

Mr. Switzer alleges that he reserved a 16-foot Penske truck through Home Depot.[4] When Mr. Switzer arrived to pick up the truck, a 16-foot truck was not available, so he was provided with and took a 22-foot truck as a replacement.[5] Mr. Switzer maintains that the ramp on the 22-foot truck was not properly maintained and was "heavier and more dangerous" than the ramp on the 16-foot truck.[6] Mr. Switzer contends that he severely injured his back while lifting the ramp on the 22-foot truck ("Incident").[7] Based on those allegations, Mr. Switzer asserts claims for negligence against Penske and Home Depot.[8]

Mr. Switzer also alleges that, because of the Incident, "[his] lawyer Keith Herbert . . . submitted a $1 million insurance settlement claim" to Penske.[9] Mr. Switzer alleges that he has "a claim number with Penske[,] and that claim number is 010683-142860-AB-01."[10] Penske offered $15,000 to settle Mr. Switzer's claims.[11] Mr. Switzer apparently accepted that offer, as evidenced by his assertion that he has "a tiny settlement of $15,000 which is $985,000 short of the

---

[4] ECF No. 5-2 at 1.

[5] *Id*.

[6] *Id*.

[7] ECF No. 5 at 4; ECF No. 5-2 at 1.

[8] ECF No. 5 at 3-4.

[9] *Id*. at 3.

[10] *Id*. at 2.

[11] *Id*. at 3.

insurance settlement demands."[12] Based on those allegations, Mr. Switzer asserts a claim against Penske for a "Bad Faith Insurance Settlement."[13]

Penske moved to dismiss Mr. Switzer's complaint, arguing that all his claims are barred by the settlement referenced above.[14] In support of that argument, Penske attached a document to its motion, which is entitled, "RELEASE OF ALL CLAIMS" and includes Mr. Switzer's claim number with Penske, "010683-142860-AB-01" ("Release").[15] The Release states:

> This Indenture Witnesseth that I, Mark Switzer, in consideration of the amount of $15,000.00 do hereby for my heirs, personal representatives and assigns, release and forever discharge Penske Truck Leasing Co., L.P., Old Republic Insurance Company, Gallagher Bassett Services, and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives or assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damages, loss or damages of any kind sustained or that I may hereafter sustain in consequence of an accident that occurred on or about October 14, 2022, at or near Ohio.
>
> To procure payment of the said sum, I hereby declare: that I am more than legal years of age; that no representation about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties released, have induced me to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained

---

[12] *Id*. at 2; *see also* ECF No. 35 at 5-6 ("The $15,000 received represent[s] less than 1% of my proposed accident settlement."); ECF No. 45 at 7 ("[T]he settlement check for $15,000 only pays part of my expenses from the [Incident]. This $15,000 settlement is completely unfair and needs to be increased to[ ]$12 million or a figure to be determined . . . .").

[13] ECF No. 5 at 3.

[14] ECF No. 29.

[15] ECF No. 29-1 at 1.

3

> injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from the said accident.
>
> The Undersigned Agree(s), as a further consideration and inducement for this compromise settlement, that it shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.
>
> I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representatives might hereafter assert because of said accident.[16]

The Release was signed by Mr. Switzer in Michigan on April 19, 2024, as confirmed by the notarization at the bottom of the Release.[17]

Mr. Switzer submitted numerous documents after Penske moved to dismiss.[18] Only two of those documents can be reasonably construed as directly responsive to Penske's motion.[19] In those two documents, Mr. Switzer contends that Penske's motion should be denied pursuant to Fed. R. Civ. P. 60(b)(3), which provides for relief from "a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Mr. Switzer asserts

---

[16] *Id*.

[17] *Id*.

[18] ECF Nos. 30-47. In addition to those documents, Mr. Switzer submitted numerous documents in the time between the filing of his complaint and the filing of Penske's motion to dismiss. ECF Nos. 7, 9-25. In accordance with the court's order granting Mr. Switzer's motion to proceed in forma pauperis under the IFP Statute, all documents Mr. Switzer submitted were not filed but were instead lodged in the docket. ECF No. 4 at 1 (providing that the court will screen this case under the IFP Statute and prohibiting Mr. Switzer from filing any motions or other documents—except for court forms—during the time the case is screened or until the court orders otherwise).

[19] ECF Nos. 37-38.

that he is entitled to relief under Rule 60(b)(3) because Penske "engaged in deceitful or manipulative behavior," which resulted in "an unfair settlement."[20]

## LEGAL STANDARDS

As stated above, before the court are Penske's motion to dismiss under Rule 12(b)(6) and the review under the IFP Statute of Mr. Switzer's claims against Home Depot. Below, the court demonstrates that the same legal standards apply to each of those issues and provides the relevant legal standards. Thereafter, the court sets forth certain legal standards applicable to pro se litigants.

### I. Rule 12(b)(6) and the IFP Statute

A party moving to dismiss under Rule 12(b)(6) is asserting the defense of "failure to state a claim upon which relief can be granted." When analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "accept[s] as true the well pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[21] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[22] "[I]n examining a complaint under Rule 12(b)(6), [the court]

---

[20] ECF No. 37 at 1; *see also* ECF No. 38 at 2.

[21] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[23]

The IFP Statute contains language that mirrors Rule 12(b)(6). Specifically, the IFP Statute provides that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[24] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6).[25]

In conducting its analysis under Rule 12(b)(6), the court generally considers "only the complaint and its allegations."[26] If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, the motion typically "must be treated as one for summary judgment under [Fed. R. Civ. P.] 56."[27] However,

> if a plaintiff does not incorporate by reference or attach a document to [his] complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. . . . If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document . . . . Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the

---

[23] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[24] 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay*, 500 F.3d at 1217-18.

[26] *Phillips v. Bell*, 365 F. App'x 133, 138 (10th Cir. 2010).

[27] Fed. R. Civ. P. 12(d); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

document's contents, and this rationale for conversion to summary judgment dissipates.[28]

## II.    Pro Se Litigants

Before dismissing a pro se plaintiff's complaint for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[29] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[30]

Additionally, when analyzing a pro se plaintiff's complaint, the court must be mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[31] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[32] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[33]

---

[28] *GFF Corp.*, 130 F.3d at 1384-85; *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (quotations and citation omitted)).

[29] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[30] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[31] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[32] *Id*.

[33] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

ANALYSIS

As demonstrated below: (I) the court's consideration of the Release does not require converting Penske's motion to dismiss into a motion for summary judgment; (II) Mr. Switzer fails to state claims upon which relief can be granted against Penske and Home Depot; and (III) it would be futile to provide Mr. Switzer with an opportunity to amend his complaint. Therefore, the court should grant Penske's motion to dismiss, dismiss with prejudice Mr. Switzer's claims against Penske, and—under the authority of the IFP Statute—dismiss with prejudice Mr. Switzer's claims against Home Depot.

I.  **The Courts' Consideration of the Release Does Not Require Converting Penske's Motion to Dismiss into a Motion for Summary Judgment.**

Although the Release is not attached to Mr. Switzer's complaint, the complaint refers to the settlement of Mr. Switzer's claims arising out of the Incident and references the same claim number included in the Release. Additionally, as shown below, the Release is dispositive of Mr. Switzer's claims. Further, Mr. Switzer does not dispute the authenticity of the Release. Therefore, the court's consideration of the Release does not require converting Penske's motion to dismiss into a motion for summary judgment.[34]

II. **Mr. Switzer Fails to State Claims Upon Which Relief Can Be Granted Against Penske and Home Depot.**

Because the language of the Release bars Mr. Switzer's claims, he fails to state claims upon which relief can be granted against Penske and Home Depot. As stated above, the Release provides that Mr. Switzer, "in consideration of the amount of $15,000.00 . . . , release[d] and forever discharge[d] Penske . . . and any other person, firm or corporation charged or chargeable

---

[34] *Alvarado*, 493 F.3d at 1215; *GFF Corp.*, 130 F.3d at 1384-85.

with responsibility or liability" for the Incident from any "claims, demands, damages, costs, expenses, loss of services, actions and causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damages, loss or damages of any kind sustained or that [Mr. Switzer] may hereafter sustain" because of the Incident.[35] By signing the Release, Mr. Switzer indicated that he understood "that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that [Mr. Switzer had] heretofore asserted or that [he] or [his] personal representatives might hereafter assert because of [the Incident]."[36] The Release further provides that Mr. Switzer had "taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from [the Incident]."[37] In the same vein, the Release states that Mr. Switzer agreed that the Release "shall apply to all unknown and unanticipated injuries and damages resulting from [the Incident], as well as to those now disclosed."[38] Finally, the Release provides that Mr. Switzer was not "induced" to sign the Release by any "representation about the nature and extent of [his] injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released" or "any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties released."[39]

---

[35] ECF No. 29-1 at 1.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

As the language of the Release makes abundantly clear, Mr. Switzer released any past and future claims against Penske and any other individual or entity, including Home Depot, arising out of the Incident. Thus, Mr. Switzer's claims in this case are barred by the Release, and, consequently, he fails to state claims upon which relief can be granted against either Penske or Home Depot.[40]

### III.    It Would Be Futile to Provide Mr. Switzer With an Opportunity to Amend His Complaint.

Having reached the conclusion that Mr. Switzer's complaint fails to state claims upon which relief can be granted, the court again acknowledges that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[41] Because the Release bars Mr. Switzer's claims, he could not make any additional factual allegations that would save his claims from dismissal. Therefore, it would be futile to provide Mr. Switzer with an opportunity to amend his complaint.

---

[40] As stated above, Mr. Switzer relies upon Rule 60(b)(3) in opposing Penske's motion to dismiss. That reliance is misplaced because Rule 60 governs relief from a judgment or order. Mr. Switzer's settlement was completed without any judicial intervention and, therefore, did not produce a judgment or an order. Moreover, dismissal under Fed. R. Civ. P. 12(b)(1) is also appropriate here because Mr. Switzer lacks standing under Article III of the United States Constitution for want of a "case or controversy." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000) (stating that courts must not "retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when the parties have settled").

[41] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

**RECOMMENDATION**

For the reasons stated above, the court HEREBY RECOMMENDS:

1. Penske's motion to dismiss[42] be GRANTED, and Mr. Switzer's claims against Penske be DISMISSED WITH PREJUDICE.

2. Under the authority of the IFP Statute, Mr. Switzer's claims against Home Depot be DISMISSED WITH PREJUDICE.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[43] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[44] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1st day of April 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[42] ECF No. 29.

[43] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[44] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).